UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KARLA MARQUIS,)
)
Plaintiff,)
vs.)
) No. 12-CV-423
AVALONBAY COMMUNITIES, INC. and)
AVALON ILLINOIS VALUE III, LLC,)
)
Defendants.)

## NOTICE OF REMOVAL

Defendants AVALONBAY COMMUNITIES, INC. and AVALON ILLINOIS VALUE III, LLC, by and through their attorneys, HAYNES, STUDNICKA, KAHAN, O'NEILL & POULAKIDAS, LLC, pursuant to 28 U.S.C. §§1332, 1441 and 1446, hereby submit their Notice of Removal, and in support thereof, defendants state as follows:

### Introduction and Timeliness of Removal

1.  On December 16, 2011, plaintiff Karla Marquis ("Marquis") commenced this action by filing her Complaint at Law in the Circuit Court of Cook County, Illinois (see Exhibit 1 hereto).

2.  On December 20, 2011, plaintiff served process on both of the defendants (see Exhibit 2 hereto). Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. §1446(b).

### Proceedings in the Circuit Court of Cook County, Illinois

3.  On January 18, 2012, defendants AvalonBay Communities, Inc. and Avalon Illinois Value III, LLC filed their appearance and jury demand in the Circuit Court of Cook

County, Illinois (see Exhibit 3 hereto), but did not file any answer or other pleadings in response to the Complaint at Law. To preserve their rights, defendants simultaneously filed a motion to transfer venue to DuPage County, Illinois or another convenient venue. There have been no further proceedings in the Circuit Court of Cook County, Illinois.

The Amount in Controversy Exceeds $75,000, Exclusive of Interest and Costs

4. In her Complaint, plaintiff Marquis alleges that on December 20, 2009, she slipped and fell on an unnatural accumulation of ice which had formed on the premises in front of 2181 South Finley in Lombard, Illinois, which is a property owned, operated, maintained and/or controlled defendants.

5. Furthermore, plaintiff Marquis alleges she sustained "severe and permanent" bodily injuries, experienced past and future pain and suffering, lost income, and expended and became liable for the costs of her past and future medical care. Her Complaint is not supported by an affidavit on damages as required by Illinois S.Ct. Rule 222, but contains an open prayer for relief seeking "a sum in excess of $50,000.00," plus her costs of suit.

6. On September 21, 2011, plaintiff's attorney sent a letter to defendants' insurance claims handler which includes plaintiff Marquis' settlement demand of $150,000.00. Counsel represented that plaintiff had incurred medical expenses of $9,915.62 and lost wages in the amount of $8,500.00. In addition, counsel stated that Marquis' future medical expense will range from $18,800.00 to $34,300.00 and that she will miss more time from work due to each future medical procedure. A copy of the September 21, 2011 letter (without enclosures) is attached as Exhibit 4 hereto.

7. Based upon the allegations of plaintiff's Complaint, her $150,000 settlement demand and counsel's representations regarding claimed damages, there is a reasonable

probability that the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

## Citizenship of the Parties

8. At all times relevant, defendant AvalonBay Communities, Inc. has been a Maryland corporation and has maintained its headquarters and principal place of business in Arlington, Virginia (see Affidavit of C. White; Group Exhibit 5 hereto).

9. At all times relevant, defendant Avalon Illinois Value III, LLC has been a Delaware limited liability company. The sole member of Avalon Illinois Value III, LLC is AvalonBay Value Added Fund L.P., a Delaware limited partnership. The General Partner of AvalonBay Value Added Fund L.P. is AvalonBay Capital Management, Inc., a Maryland corporation which maintains its headquarters and principal place of business in Virginia (see Affidavit of C. White; Group Exhibit 5 hereto).

10. Plaintiff Marquis alleges she was injured on the premises located at 2181 South Finley Road, Lombard, Illinois, which includes a residential apartment building. Plaintiff Marquis was a tenant and resident of the subject apartment building continuously since before December 20, 2009 (the date of occurrence) until her lease ended on November 7, 2011. (See copies of Apartment Lease Agreements; Group Exhibit 5).

11. To bring things current, defendants retained an investigator who has confirmed that plaintiff Marquis currently resides at 17W714 Butterfield Road, #112, Oakbrook Terrace, Illinois 60181 (see Affidavit of C. Fertel; Exhibit 6 hereto).

12. Based on the foregoing, defendants have made diligent efforts to obtain information related to plaintiff's domicile and citizenship, and hereby submit a reasonable basis to conclude that plaintiff Marquis is a citizen of and domiciled in Illinois for purposes of

diversity jurisdiction. If necessary, defendants respectfully request leave of Court to supplement this Notice of Removal once plaintiff tenders her sworn answers to written discovery.

13. Diversity jurisdiction exists and defendants request that this Honorable Court remove the instant action from the Circuit Court of Illinois to the United States District for the Northern District of Illinois. Copies of this Notice of Removal have been served upon counsel of record for all parties and the Clerk of the Circuit Court of Cook County, Illinois.

WHEREFORE, defendants AVALONBAY COMMUNITIES, INC. and AVALON ILLINOIS VALUE III, LLC, respectfully request that this Honorable Court remove the instant action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, and for such other and further relief as this Court deems just.

/s/ Mark G. Poulakidas
Mark G. Poulakidas (ARDC #6230065)
HAYNES, STUDNICKA, KAHAN, O'NEILL & POULAKIDAS, LLC
Attorneys for Defendants
200 West Adams Street, Suite 2175
Chicago, Illinois 60606
Tel.: (312) 332-6644
Fax: (312) 332-6655
mpoulakidas@hskolaw.com