Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Morton Denlow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 423 | **DATE** | 9/12/2012 |
| **CASE TITLE** | Karla Marquis v. Avalonbay Communities, Inc., et al | | |

**DOCKET ENTRY TEXT**

Motion hearing held on 9/12/2012. The Court grants Third-Party Defendant ValleyCrest Landscape Maintenance, Inc.'s ("ValleyCrest") Third-Party Defendant's Motion to Compel Arbitration and to Stay Litigation as to Defendants'/Third-Party Plaintiffs' Avalon Bay Communities, Inc. and Avalon Illinois Value III LLC ("Avalon") Third-Party Complaint . [Dkt. 38].

■[ For further details see text below.]   Docketing to mail notices.

00:10

## STATEMENT

The Services Agreement between Avalon and ValleyCrest contains an Arbitration/Litigation provision which provides in relevant part: "Any controversy or claim arising out of or relating to this Agreement or the breach thereof will be decided by binding arbitration…." [Dkt. 38-3 at p. 11]. ValleyCrest cured any procedural defects in its original demand for arbitration pursuant to the revised demand attached to the reply brief. [Dkt. 44-1].

To compel arbitration, a party "need only show": 1) an agreement to arbitrate; 2) a dispute within the scope of the agreement; and 3) refusal by the opposing party to proceed to arbitration. *Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 446 F.3d 577, 580 (7th Cir. 2006). An allegation of negligence based upon a contractual obligation, although sounding in tort rather than contract, is nonetheless defined by the contract. *Eichengreen v. Rollins, Inc.*, 757 N.E.2d 952, 959 (Ill. App. 2001).

The Court finds *Board of Managers of the Courtyards at the Woodlands Condominium*

*Association v. Iko Chicago, Inc.*, 697 N.E.2d 727 (Ill. 1998), to be controlling and persuasive. In that case, the Illinois Supreme Court compelled arbitration where a named defendant sued a non-party for third-party conditional contribution or indemnification. *Id.* at 729.

The *Board of Managers* court held:

"We agree with [third-party defendant] that once the trial court determines that a valid arbitration agreement exists, the court must compel arbitration, even when the principle litigation involves parties that are not signatories to the arbitration agreement…. We base this holding primarily on our adherence to the right of parties to freely contract. Arbitration is "consensual"; a creature of contract…. In essence, once a contract containing a valid arbitration clause has been executed, the parties are irrevocably committed to arbitrate all disputes arising under the agreement. The parties, therefore, are bound by their contract with its obligations, duties, and liabilities.

*Board of Managers*, 697 N.E.2d 727, 731-32 (citations omitted).

As in the case at bar, the third-party defendant in *Board of Managers* was not sued by the plaintiff directly. *Id.; see Peregrine Fin. Grp., Inc. v. Ambuehl*, 722 N.E.2d 723, 731 (Ill. App. 1999) ("[*Board of Managers*] recognized a third-party defendant's contractual right to arbitrate the third-party plaintiff's alleged right to contribution or indemnification. The court held that the contractual right to arbitrate outweighed any public considerations favoring joinder of claims."); *compare Czarnik v. Wendover Fin. Servs.*, 870 N.E.2d 875 (Ill. App. 2007) (refusing to compel arbitration between two defendants named by the plaintiff based on collateral estoppel and distinguishing *Board of Managers*). ValleyCrest has not been sued by Plaintiff Marquis. The question of ValleyCrest's liability for contribution is an arbitral claim. For the reasons stated above and in open court on September 12, 2012, the Court grants ValleyCrest's Motion to Compel Arbitration and Stay Litigation as to Avalon and ValleyCrest; the remaining portions of the case may proceed.